CASE NO. 17-5593

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

---

WILBUR MACY; PAMELA J. STOWE

Plaintiffs - Appellees

v.

GC SERVICES LIMITED PARTNERSHIP

Defendant - Appellant

---

Appeal from the United States District Court
for the Western District of Kentucky

Originating Case No. 3:15-cv-00819

---

## PRINCIPAL BRIEF OF APPELLANT, GC SERVICES LIMITED PARTNERSHIP

---

William S. Helfand
Texas Bar No. 09388250
Earl H. Walker
Texas Bar No. 24025701
Julie C. Lomax
Texas Bar No. 24050946
Lewis Brisbois Bisgaard & Smith
24 Greenway Plaza, Ste. 1400
Houston, Texas  77046

Telephone: (832) 460-4614
Facsimile:  (713) 759-6830
bill.helfand@lewisbrisbois.com
earl.walker@lewisbrisbois.com
julie.lomax@lewisbrisbois.com
*Attorneys for Defendant -
Appellant, GC Services Limited
Partnership*

# II. CORPORATE DISCLOSURE

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations
# and Financial Interest

Sixth Circuit
Case Number: 17-5593                    Case Name: Wilbur Macy, et al. v. GC Services

Name of counsel: William S. Helfand

Pursuant to 6th Cir. R. 26.1, GC Services Limited Partnership
                               *Name of Party*

makes the following disclosure:

1.   Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the
     identity of the parent corporation or affiliate and the relationship between it and the named
     party:

No.

2.   Is there a publicly owned corporation, not a party to the appeal, that has a financial interest
     in the outcome? If yes, list the identity of such corporation and the nature of the financial
     interest:

No.

CERTIFICATE OF SERVICE

I certify that on _____ May 26, 2017 _____ the foregoing document was served on all
parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not,
by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

           s/ William S. Helfand
           24 Greenway Plaza, Ste. 1400
           Houston, TX 77046

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs,
immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

6CA-1
8/08

Page 1 of 2

i

# III.    TABLE OF CONTENTS

I. COVER .................................................................................-

II. CORPORATE DISCLOSURE ............................................i

III. TABLE OF CONTENTS ................................................ii

IV. TABLE OF AUTHORITIES ............................................iv

V. STATEMENT IN SUPPORT OF ORAL ARGUMENT ......................vi

VI. STATEMENT OF JURISDICTION ....................................vii

VII. STATEMENT OF ISSUES ...........................................viii

    **I.**    **Standing** ..................................................viii

    **II.**    **Class certification** ........................................ix

VIII. STATEMENT OF THE CASE.........................................1

    **A. GC Services sent Macy and Stowe initial collection letters consistent with the company's verification policy** ...............1

    **B. The proceedings in the district court**........................3

IX. SUMMARY OF THE ARGUMENT ....................................6

X. ARGUMENT .......................................................8

    **I.**    **It was error for the district court to deny GC Services' motion to dismiss under Rule 12(b)(1) because Macy and Stowe did not sustain an injury in fact and they lack standing**................................................8

        **A. Alleged procedural violations of the FDCPA do not establish actual and particularized injury** .................10

        **B. The district court incorrectly found standing based on potential harm to class members instead of to Macy and Stowe** .................................................15

**II.** **The district court abused its discretion by certifying the class**................................................................................17

    A. **Plaintiffs have failed to demonstrate commonality**...18

    B. **Plaintiffs have failed to show typicality**.......................19

    C. **Plaintiffs have failed to demonstrate adequacy**.........20

    D. **Common issues or questions do not predominate**......21

XI. CONCLUSION .................................................................23

XII. CERTIFICATE OF COMPLIANCE ...............................25

XIII. CERTIFICATE OF SERVICE ......................................26

XIV.ADDENDUM .................................................................27

# IV.   TABLE OF AUTHORITIES

## <u>Cases</u>

*Bicking v. Law Offices of  Rubenstein & Cogan*, 783 F. Supp. 2d 841 (E.D. Va 2011) ............................................................................ 5

*Braitberg v. Charter Communications*, 836 F. 3d 925 (8th Cir. 2016) .................................................................................... 12, 13, 14

*Church v. Accretive Health, I*nc., 654 F. App'x 990 (11th Cir. 2016) .... 12

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 133 S.Ct. 1138 (2013) ..... 10

*General Tel. Co. v. EEOC*, 446 U.S. 318 (1980) ..................................... 19

*FW/PBS, Inc. v.  Dallas*, 493 U.S. 215 (1990)........................................ 8

*Friends Of The Earth, Inc. v. Laidlaw Environmental Services TOC), Inc.*, 528 U.S. 167 (2000) ...................................................................... 8

*Hadley v. Chrysler Grp., LLC*, 624 F. App'x 374 (6th Cir. 2015) ........... 16

*In re American Medical Systems, Inc.*, 75 F.3d 1069 (6th Cir. 1996).... 19

*Lujan v.  Defenders Of Wildlife*, 504 U.S. 555 (1992) ............................ 10

*Lyshe v.  Levy*, 854 F.3d 855 (6th Cir. 2017)......................... 11, 12, 13,14

*Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998 (11th Cir. 2016)..... 12, 13,14

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ................................................ 9

*Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976) .............. 21

*Simon v.  Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 96 S. Ct. 1917 (1976) .......................................................................... 16

*Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540, 2016 U.S. Lexis 3046 (2016) ......................................................................... 9, 10, 11, 12

*Sprague v. General Motors*, 133 F.3d 388 (6th Cir. 1998) ..................... 18

*Steel Co. v. Citizens For Better Environment*, 523 U.S. 83 (1998) .......... 9

*Struble v. Comenity Bank*, 842 F.3d 181 (2nd Cir. 2016) ...................... 12

*Summers v. Earth Island Institute*, 555 U.S. 488 (2009) ........................ 9

*Toll Bros. v.  Township Of Readington*, 555 F.3d 131 (3d Cir. 2009) ...... 9

*Warth v.  Seldin*, 422 U.S. 490 (1975)..................................................... 9

## **Statutes**

Fed. R. Civ. P. 12(b)(1) .................................................ii, ix, 4, 7, 8, 15

Fed. R. Civ. P. 23...............................vii, 3, 6, 8, 17, 18, 19, 20,21, 23

Fed. R. App.. P. 32............................................................25

Fed. R. App. P. 34............................................................vi

15  U.S.C. § 1692g............................................................3, 15

# V.    STATEMENT IN SUPPORT OF ORAL ARGUMENT

Consistent with Rule 34 of the Federal Rules of Appellate Procedure, GC Services requests oral argument. This appeal turns on recent precedent concerning standing and presents significant questions concerning the standard for certifying a class action. Oral argument will allow the parties to address questions and issues the Court may identify necessary for resolution of this appeal.

# VI.   STATEMENT OF JURISDICTION

This Court granted GC Services' petition for permission to appeal under Rule 23(f) of the Federal Rules of Civil Procedure.

# VII.  STATEMENT OF ISSUES

## I.    Standing.

Named Plaintiffs/Appellees Macy and Stowe allege GC Services sent each of them an initial debt collection letter that did not comply with the Fair Debt Collection Practices Act ("FDCPA") in the following respects: (i) the letters did not tell Macy or Stowe that GC Services need mail verification of their debts to them only if they notified GC Services in writing that they disputed their respective debts; and (ii) the letters did not tell Macy or Stowe that GC Services need provide them the name and address of the original creditor, only if different from the current creditor, if they notified GC Services of such a request in writing.  Despite these allegations, neither Macy nor Stowe even alleges they made any attempt at all to dispute their respective debts, request the name and address of the original creditor, or contact GS Services for any reason after receiving the challenged letter. In fact, the undisputed evidence establishes there was no "original creditor" in either case because Appellees' creditor was always the same credit card issuer.  Moreover, the undisputed evidence also shows neither Macy nor Stowe contacted GC Services through any means as well as the fact GC Services follows a policy of honoring verbal

disputes of debts, whereby GC Services will obtain and mail verification of a debt to the consumer, and honor verbal requests for the name and address of the original creditor, even if GC Services is not statutorily required to do so. Consequently, had Macy or Stowe attempted any action through verbal contact, they would have received the same responses and information any written request would yield and neither would have forfeited any rights under the FDCPA. All of Appellees' purely hypothetical concerns would have been addressed, just as if they had written to GC Services.

In light of these undisputed facts, both Macy and Stowe lack standing and it was therefore error for the district court to deny GC Services' motion to dismiss for lack of standing under Rule 12(b)(1) of the Federal Rules of Civil Procedure and, relatedly, to certify a class.

## II.    Class certification.

Macy and Stowe seek only statutory damages from GC Services based on the omission from the letters of language stating: (i) disputes of their debts submitted to GC Services must be *in writing* in order to obtain verification of their debts from GC Services; and (ii) requests that GC Services provide the name and address of the original creditor, if different

from the current creditor, must be *in writing*. The district court certified a class consisting of individuals in Kentucky and Nevada to whom GC Services mailed an initial collection letter containing language identical to one or both of the challenged phrases set forth in the letters Macy and Stowe received, but the class certification order is not limited to individuals who attempted in any way to contact GC Services, or who actually attempted to give or actually gave notice of a dispute through verbal means or requested the name and address of the original creditor through verbal means, and were "injured" in some way utilizing that method.

The trial court abused its discretion because the certified class is not limited to individuals who sustained a concrete injury, and because the requirements of commonality, typicality, adequacy, and predominance and superiority are not satisfied.

# VIII. STATEMENT OF THE CASE

**A.    GC Services sent Macy and Stowe initial collection letters consistent with the company's verification policy.**

GC Services, a debt collector, sent letters to Macy and Stowe regarding past due balances on credit cards issued by Synchrony Bank, see Complaint, R. 1, Page ID # 14, 16, each of which contained the following statement about the procedure for obtaining verification of the debt and/or the name and address of the original creditor:

> However, if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you. Or, if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.

Opposition to Motion for Class Certification, R. 25, Page ID # 225; Letter to Macy, Exhibit A to Complaint, R. 1-1, Page ID # 14; Letter to Stowe, Exhibit B to Complaint, R. 1-2, Page ID # 16; Complaint, R. 1, Page ID # 5-6. Notably, the letter was silent as to the means a debtor could use to contact Appellant to dispute the debt or request the name and address of the original creditor *because the means of contact are, in fact, irrelevant.*

GC Services follows a policy of honoring both verbal and written disputes of debts, whereby GC Services will obtain and mail verification of a debt to a consumer in response to a written or verbal dispute, and it honors verbal and written requests for the name and address of the original creditor made within 30 days of the consumer's receipt of GC Services' notice of the debt in the very same manner as it does such contacts in writing.  Declaration of Mark Schordock, R. 25-1, Page ID # 245-246.  Upon receipt of a verbal dispute of a debt or verbal request for the name and address of the original creditor, GC Services' policy is to cease collection efforts until it obtains and provides to the consumer verification of the debt or the name and address of the original creditor, just as it does with a written request. *Id*.   GC Services makes no distinction between a dispute or request received verbally as opposed to one in writing.  *See id.*

Neither Macy, Stowe, nor anyone acting on their behalf ever contacted GC Services after receiving the challenged letters. *See id.*, Page ID # 246-247. Appellees do not even allege they ever disputed their debts or requested the name and address of the original creditor or attempted to contact GC Services for any reason.  *See* Complaint R. 1, Page ID # 5;

Reply on Motion for Class Certification, R. 26, Page ID # 251. Further, neither Macy nor Stowe even allege the identity of the original creditor was anyone other than Synchrony Bank.  Complaint, R. 1, Page ID #5.

## B.    The proceedings in the district court.

Macy and Stowe filed a putative class action against GC Services. They allege the letters they received from GC Services violated 15 U.S.C. § 1692g(a)(4) and (5) of the FDCPA by failing to state: (i) disputes of their debts submitted to GC Services must be *in writing* in order to obtain verification of their debts; and (ii) requests to GC Services that it provide the name and address of the original creditor, if different from the current creditor, must be *in writing*. Complaint, R. 1, Page ID # 6.  Macy and Stowe claim these omissions *could* confuse the least sophisticated consumer, leading them to waive their rights under the FDCPA. Complaint, R. 1 Page ID # 6.  Neither having alleged any actual damages, Macy and Stowe seek only statutory damages individually and on behalf of all putative class members. *See id*.

Macy and Stowe moved to certify the following class under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

> (1) All persons with a Kentucky or a Nevada address, (2) to whom GC Services Limited

Partnership mailed an initial communication that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client," (3) between November 5, 2014 and November 5, 2015, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to GC Services Limited Partnership.

Motion for Class Certification, R. 22, Page ID # 139.

GC Services moved to dismiss the Complaint under Rule 12(b)(1) on the ground that, having failed to allege anything beyond a hypothetical injury, both Macy and Stowe lack standing and that the district court lacks jurisdiction for that reason. Motion to Dismiss for Lack of Subject Matter Jurisdiction, R. 23, Page ID ##191-197. There is no dispute that, as set out in their own pleadings, as a matter of fact neither Macy nor Stowe made an attempt to or actually disputed their debts or requested the name and address of the original creditor. Appellees, therefore, were not injured by the wording of the challenged letters. See Opposition Exhibit, R. 25-1, Page ID # 246-247 (Declaration of Mark Schordock). Indeed, had Macy and/or Stowe disputed their debts or requested the name and address of the original creditor, even if only verbally, no harm

would have resulted because GC Services honors verbal disputes and requests just as it does the same in writing by ceasing collection efforts until it obtains and provides the information required under the FDCPA in response to a disputed debt or request for the name and address of the original creditor.    Opposition Exhibit, R. 25-1, Page ID # 244-247 (Declaration of Mark Schordock).

The district court denied GC Services' motion to dismiss and granted Macy and Stowe's motion for class certification.  Order, R. 29; Order, R. 36. The district court found standing based upon a hypothetical "substantial" risk that the letters *might* lead a consumer to waive protections under the FDCPA based upon a factually distinct district court case. Order, R. 29, Page ID ## 299-300. Quoting *Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 845 (E.D. Va. 2011), the court below found a substantial risk to potential class members even though, in the instant case and unlike the potential class in *Bicking*, consumers would not lose any right by pursuing a verbal contest or request for information with Appellant. Order, R. 29, Page ID ## 300.

The district court subsequently incorporated its errant findings on standing into its order granting class certification. Order, R. 36, Page ID

## 352, 354. It likewise found the requirements of typicality and commonality satisfied based on this analysis. *See id*., Page ID ## 354-355.

Consistent with Rule 23(f) of the Federal Rules of Civil Procedure, GC Services petitioned this Court for permission to appeal the district court's order granting class certification. This Court granted the petition and, in its order, requested GC Services focus its brief on the existence of standing under Article III of the United States Constitution. Order, R. 47, Page ID ##392-393.

## IX.  SUMMARY OF THE ARGUMENT

The district court's finding that Macy and Stowe have standing is error. Macy and Stowe did not sustain any injury, let alone a concrete injury. Both allege only that GC Services committed procedural violations of the FDCPA which, hypothetically, "could" result in injury. However, accusations of procedural violations of a statute, without a concrete injury, do not confer standing.

Specifically, Macy and Stowe claim the letters each received from GC Services failed to disclose GC Services would only be statutorily required to mail to Macy and Stowe verification of the debt in response to a written dispute or mail to them the name and address of the original creditor in

response to a written request. Yet neither Macy nor Stowe ever disputed their respective debts nor requested the name and address of the original creditor, and neither even claim they wished to do either. Having done neither of these things, Appellees could not have been injured by the omissions of which they complain.

Moreover, the evidence shows neither Macy nor Stowe would have been injured even if they had used verbal or some other non-written method to dispute their debts or request the name and address of the original creditor, because it is undisputed GC Services follows a policy of honoring verbal disputes of debts, thereby triggering GC Services to mail verification of the debt to the consumer, and verbal requests for the name and address of the original creditor just as it does the same with contacts in writing.

In short, not only were Macy and Stowe not injured, the evidence establishes without refutation that no injury could have occurred based upon the wording of the letter of which Appellees complain. Therefore, Macy and Stowe lacked standing and the district court erred when it denied GC Services' motion to dismiss under Rule 12(b)(1).

However, even if the district court somehow did not err in denying GC Services' motion to dismiss for lack of standing, the district court still erred in certifying the class. The class established by the district court necessarily includes individuals who, like Macy and Stowe, were not and could not have been injured. Additionally, Macy and Stowe failed to establish the requirements for class certification under Rules 23(a) and 23(b)(3).

For these reasons, this Court should reverse and render judgment for GC Services on its motion to dismiss or mandate that the district court de-certify the class.

## X. ARGUMENT

### I. It was error for the district court to deny GC Services' motion to dismiss under Rule 12(b)(1) because Macy and Stowe did not sustain an injury in fact and they lack standing.

A plaintiff has the burden of establishing standing. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). Standing under Article III requires that the plaintiff suffered (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

Existence of an injury in fact is the "first and foremost" element of standing. *Steel Co. v. Citizens for Better Environmen*t, 523 U.S. 83, 103 (1998).  *Accord*, *Toll Bros. v. Twp. of Readington*, 555 F.3d 131, 138 (3d Cir. 2009).

To establish an injury in fact at the pleading stage, the plaintiff must set forth facts showing he actually suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540, 1548 (2016).  In a putative class action, the named plaintiffs must show they sustained an injury in fact; injuries to unnamed putative class members will not support standing.  *Warth v. Seldin*, 422 U.S. 490, 502 (1975); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

A concrete injury is one that actually exists; that is, an injury that is real and is not abstract.  *Spokeo*, 136 S. Ct. at 1548.  Allegations of bare procedural violations of a statute, such as Appellees allege here, and which the district court found, do not establish an injury in fact under Article III. *Id*. at 1549, citing *Summers v. Earth Island Institute*, 555 U.S. 488, 496 (2009).  Where Congress grants a statutory right and purports to authorize

suit to vindicate that right, standing is not automatic and an actual, concrete injury must still be shown. *Spokeo,* 136 S.Ct. at 1548.

Not only must the injury be concrete, it must also be particularized. An injury is particularized only if it actually affects the plaintiff in a personal and individual way. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, n. 1 (1992). Finally, a "possible future injury," which is the most Appellees have alleged, even one that is concrete and particularized, is not imminent and does not confer standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 133 S. Ct. 1138, 1147 (2013).

Macy and Stowe failed to satisfy their burden of alleging an injury in fact. At most, they alleged procedural violations of the FDCPA that, without more, do not constitute injury in fact. Their injuries are even more hypothetical than those eschewed by the Supreme Court in *Spokeo* and, based on the undisputed evidence, are impossible. Plaintiffs are clearly without standing.

## A.    Alleged procedural violations of the FDCPA do not establish an actual and particularized injury.

Macy and Stowe allege receiving a letter they contend did not satisfy the FDCPA. *See* Complaint R. 1, Page ID # 6. Neither Macy nor Stowe alleges the letter led either to waive any rights under the FDCPA or

caused either any other concrete injury. Indeed, neither allege either Macy or Stowe, after receiving the letter, harbored a dispute or questioned the identity of the original creditor. Neither claims to have even contemplated contacting GC Services for any reason. *See* Complaint, R. 1, generally.

In other words, Macy and Stowe clearly allege no more than an observed procedural violation of the FDCPA, but it is abundantly clear that a "bare procedural violation, divorced from any concrete harm" does not satisfy the concrete injury requirement of Article III of the United States Constitution. *Spokeo,* 136 S. Ct. at 1549.

Recently, this Court applied *Spokeo* to a claim under the FDCPA and found no standing where, as here, the plaintiff did not sustain a concrete injury. See, *Lyshe v. Levy,* 854 F.3d 855 (6th Cir. 2017). Lyshe alleged a debt collector violated the FDCPA by instructing him, incorrectly, that any denial of the defendant's requests for admissions had to be verified. *Id.* at 857. The district court dismissed Lyshe's claim for lack of standing. This Court affirmed because Lyshe failed to establish he sustained an injury in fact. *Id.*

Lyshe lacked standing because, like Macy and Stowe, he failed to allege he had sustained any harm. Lyshe did not allege he was misled by

11

the defendant's instruction and, just like Appellees who never attempted to contact GC Services, Lyshe never actually responded to the discovery requests. *Id.* at 857. Applying *Spokeo,* this Court rejected Lyshe's assertion that mere receipt of false information in violation of the FDCPA constitutes a concrete injury. *Lyshe*, 854 F. 3d at 859. *Lyshe*'s application to the instant appeal demonstrates Appellees' obvious lack of standing.

In *Lyshe*, this Court rejected the Eleventh Circuit's analysis and holding in its unpublished decision in *Church v. Accretive Health, Inc.*, 654 F. App'x 990 (11th Cir. 2016) (per curiam), on which Macy and Stow rested their argument in the district court. Reply In Support of Class Action, R. 26, Page ID ##249, *et seq*. This Court explained that *Church* was an unpublished opinion and its reasoning was later rejected by the Eleventh Circuit in a published opinion. *Lyshe,* 854 F.3d at 860 (citing *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016)). This Court also observed that *Church* is inconsistent with the reasoning followed by the Eighth and Second Circuits in opinions finding a lack of standing in which the plaintiffs alleged mere procedural violations of a statute. *Lyshe,* 854 F.3d at 860-61 (citing *Braitberg v. Charter Communications, Inc.,* 836 F.3d 925 (8th Cir. 2016) and *Struble v. Comenity Bank,* 842 F.3d 181, 190 (2nd

Cir. 2016). These decisions, like *Lyshe,* are correctly reasoned and adhere to the Supreme Court's recent holding in *Spokeo*.

In *Nicklaw,* a putative class action, the plaintiff alleged CitiMortgage failed to file a discharge of mortgage within the time required by a New York statute. *Nicklaw,* 839 F.3d at 1000. Nicklaw argued the failure was an injury in fact supporting standing. *Id.* at 1002. The Eleventh Circuit disagreed particularly because Nicklaw did not allege any harm resulted from the tardy filing. "By alleging only that CitiMortgage recorded the certificate late and nothing else, Nicklaw has failed to establish that he suffered or could suffer any harm that could constitute a concrete injury." *Id.* at 1003.

In *Braitberg,* another putative class action, the plaintiff alleged Charter Communications, a cable company, retained his personal information in violation of the federal Cable Communications Policy Act. *Braitberg,* 836 F.3d at 926. The Eight Circuit held Braitberg lacked standing because he alleged a "bare procedural violation" of the statute and nothing further. For example, Braitberg did not claim Charter disclosed his information to a third party, that any outside party accessed

his data, that Charter misused the information, or that the retention of his information posed a material risk of harm. *Id.* at 930.

The reasoning followed by this Court in *Lyshe* and by the Eleventh and Eighth Circuits in *Nicklaw* and *Braitberg* applies equally to the instant case. Macy and Stowe, like the plaintiffs in those cases, allege nothing more than a procedural statutory violation. Appellees do not show, or even argue, the challenged letters led them to waive any right(s) under the FDCPA, or caused them any confusion or inconvenience. Neither Macy nor Stowe allege they wished to dispute their debt or that they wished to request GC Services provide the name and address of the original creditor. Indeed, the identity of the original creditor is not even relevant as Macy and Stowe allege the original creditor is Synchrony Bank, who engaged GC Services. See Complaint, R. 1, Page ID # 5.

Even if, arguendo, Macy and Stowe alleged an injury in fact, the undisputed evidence forecloses any finding of standing because it is undisputed GC Services follows a policy of honoring verbal disputes of debts for obtaining debt verification and verbal requests for the name and address of the original creditor exactly as it does disputes or requests

made in writing. Opposition Exhibit, R. 25-1, Page ID # 245-247 (Declaration of Mark Schordock).

Appellees failed to allege facts showing any injury in fact, even after reviewing GC Services' motion to dismiss, and, therefore, failed to show standing. Accordingly, it was error for the district court to deny GC Services' 12(b)(1) motion to dismiss.

**B. The district court incorrectly found standing based on *potential* harm to class members instead of to Macy and Stowe.**

The district court, nevertheless, found standing based on a hypothetical injury to unnamed members of the putative class. The court wrote:

> "[I]f a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by §1692g(b).

Order, R. 29, Page ID # 300.

The undisputed evidence, of course, reveals the putative class members faced no such danger in light of GC Services' policy of treating verbal disputes of debts for obtaining debt verification and verbal requests for the name and address of the original creditor exactly the same as such

disputes and requests made in writing. See Opposition Exhibit, R. 25-1, Page ID # 244-247 (Declaration of Mark Schordock).

Even more to the point, the purely theoretical danger that any member of the putative class *might* waive their rights under the FDCPA is irrelevant to the trial court's resolution of Appellant's motion to dismiss Macy's and Stowe's complaint for lack of standing because standing only arises if the named plaintiffs have sustained an injury in fact. "The named plaintiffs who represent a class must allege and show that they personally have been injured, not that an injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Hadley v. Chrysler Grp., LLC*, 624 F. App'x 374, 378 n.5 (6th Cir. 2015) (citing *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 40 n.20, 96 S. Ct. 1917 (1976)).

As already shown, Macy and Stowe did not allege or actually sustain a concrete injury. Also, as shown, GC Services' policy of honoring verbal disputes for obtaining debt verification and verbal requests for the name and address of the original creditor forecloses *any* of the putative class members from sustaining a concrete injury. In any event, such hypothetical injuries to unnamed and unidentifiable members of the

putative class does not satisfy the injury in fact requirement for standing. This Court, therefore, should reverse the district court's denial of GC Services' motion to dismiss and should render judgment in favor of GC Services.

## II.  The district court abused its discretion by certifying the class.

Should the Court find standing based upon Appellees' alleged hypothetical injury, this Court should still reverse the order certifying the class, as the class does not meet all the requirements of Rule 23(a) and 23(b).

The district court's certification order defines the class as all persons with a Kentucky or Nevada address to whom GC Services mailed an initial communication that stated:

> "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you,"

> and/or

> "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client."

Order, R. 36, Page ID ##361.

### A. Plaintiffs have failed to demonstrate commonality.

A class may be certified only if there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Not just *any* common question or issue will suffice. The Sixth Circuit has held that, in order to satisfy the commonality requirement, "there need only be a single issue common to all members of the class." The existence of merely *any* common question is insufficient because "at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality. What is necessary is a common issue the resolution of which will advance the litigation." *Sprague v. General Motors*, 133 F.3d 388, 397 (6th Cir. 1998).

Here, there was no showing of commonality. Macy and Stowe asserted that commonality was satisfied because the question common to all members of the proposed class is whether the letters at issue violated the FDCPA. Motion for Class Certification, R. 22, Page ID ## 147-148. In contrast, the district court based its finding of commonality on the potential risk of waiver allegedly raised by each letter. Opinion, R. 36, Page ID # 354. In actuality, neither Macy nor Stowe presented any allegation or evidence that either sustained the same risk; neither alleged

either disputed the debt, sought to verify the debt, or sought the name and address of the original creditor. In fact, there was no actual risk to either because it is undisputed they made no effort to contact GC Services. See Declaration of Mark Schordock, R. 25-1, Page ID # 245-246. Neither even alleged that they intended to or considered disputing the debt, seeking verification of the debt, or seeking the name and address of the original creditor. The alleged injury to the named plaintiffs, which is only an alleged, purely statutory violation, is not common to the greater, potential injury of the class members articulated by the district court. The district court's merely implicit finding of commonality is unsupported.

## B. Plaintiffs have failed to show typicality.

The claims of the representatives must be typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). To establish typicality, the named plaintiffs must demonstrate their claims fairly encompass those of the class. *General Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980). To meet the requirement of typicality, the named plaintiff must show his "injury arises from or is directly related to a wrong to a class" that is also a wrong to the named plaintiff. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996).

Here, there is clearly no typicality. As already shown, Appellees have not alleged they sustained *any* injury as a result of the wording of the letters.  Indeed, the only reference to an injury in Plaintiffs' Complaint appears in one empty sentence: "To be sure, the claims of Plaintiffs and all of the members of the class *originate from* the same conduct, practice and procedure on the part of Defendant, and Plaintiffs possess the same interests and have suffered the same injuries as each member of the proposed class." Complaint, R. 1, Page ID #8 (emphasis added); see Motion for Class Certification, R. 22, Page ID # 148-149.  This statement does not allege any actual injury at all, but rather, an alleged *means* of injury.

The claims of the named plaintiffs for statutory relief are not typical of the claims of the putative class, based on a potential waiver of rights under the FDCPA, the foundation upon which the trial court rested its finding of typicality. See Opinion, R. 36, Page ID ## 354-355. The certification order should be set aside because the district court's implicit finding of typicality is also not satisfied.

## C. Plaintiffs have failed to demonstrate adequacy.

A class action may be certified only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P.

23(a)(4). To meet the requirement of adequacy, the representative plaintiffs must show they have common interests with unnamed members of the class and will vigorously prosecute the interests of the class through qualified counsel. *Senter v. General Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976).

The record does not support the district court's implied finding that Macy and Stowe have a common interest with the members of the class because neither Macy nor Stowe alleged an injury in fact. The district court's order certifying the class should be set aside for this additional reason.

### D. Common issues or questions do not predominate.

Rule 23(b)(3) requires not only commonality but that the common issues "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

As already shown, there is no commonality as Appellees have failed in their burden to demonstrate any injury at all, and thus standing, let alone the required common injury. But even if there were, common issues and questions do not predominate. The district court held the question of

whether GC Services violated the FDCPA in the letters was "common to all members and predominate[d] over individual questions." Order, R. 36, Page ID # 356. In other words, it found a statutory violation of the letters predominated over the question of whether any individual was potentially or actually at risk for waiving a right under the FDCPA, or even the question of whether any individual actually ever attempted to contact GC Services. Not only is this in direct conflict with the district court's earlier holding on commonality, but it also undermines the district court's basis for finding standing for Macy, Stowe, and all the putative class members, as both these holdings depend not on "bare procedural violations," which the district court acknowledged could not be an injury in fact, Order, R. 29, Page ID # 297, but rather on a hypothetical risk faced by each recipient, Order, R. 36, Page ID # 354. By holding the common question of a procedural violation took precedence, the district court disregarded the issue of individual standing and erred in finding commonality.

In this case, each individual would have to prove he or she contacted GC Services by a non-written means to dispute his or her debt or request the name and address of his or her original creditor to prove he or she suffered the requisite "concrete and particularized" injury. There is no

evidence all of the class members sustained a concrete injury. Indeed, if the class certification is not set aside, these questions will ultimately need to be litigated with respect to every individual class member. When such individualized proof of standing is involved, it eliminates the efficiencies associated with adjudicating claims on a class-wide basis. The certification order should be set aside because a class action is not a superior method for adjudicating the alleged claim of the class as defined by the district court.

## XI.    CONCLUSION

Macy and Stowe's claims rest entirely on an alleged, procedural violation of the FDCPA.  Macy and Stowe did not allege an injury in fact. Without an injury in fact, there is no standing. And, without standing, there is no case or controversy.  The district court erred when it denied GC Services' motion to dismiss for lack of subject matter jurisdiction.

The district court also abused its discretion in granting Macy and Stowe's motion for class certification.  The certified class does not meet the requirements under Rules 23(a) and 23(b)(3).

For each of these reasons, GC Services requests this Court to reverse the district court's order denying GC Services' motion to dismiss, or

reverse the district court's order certifying the class, and grant it all other

relief to which it may be entitled.

Dated: September 13, 2017                Respectfully submitted,

                                         LEWIS BRISBOIS BISGAARD
                                         & SMITH LLP

                                         /s/ *William S. Helfand*
                                         William S. Helfand
                                         Texas Bar No. 09388250
                                         24 Greenway Plaza, Ste. 1400
                                         Houston, Texas  77046
                                         (832) 460-4614 (phone)
                                         bill.helfand@lewisbrisbois.com

                                         Attorney for Defendant/Appellant,
                                         GC Services Limited Partnership

## XII.  CERTIFICATE OF COMPLIANCE

1.    This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,486 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook font.

*/s/ William S. Helfand*
William S. Helfand

Attorney for
Defendant/Appellant, GC
Services Limited Partnership

Dated: September 13, 2017

## XIII. CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

James L. Davidson
Greenwald Davidson Radbil PLLC
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431

Shireen Hormozdi
Attorney at Law
1770 Indian Trail Lilburn Rd.
Ste. 175
Norcross, GA 30093

This 13th day of September 2017.

/s/ *William S. Helfand*
William S. Helfand

# XIV. ADDENDUM

R. 1, Page ID ##1-16          Plaintiffs' Original Complaint

R. 22, Page ID ##139-184     Plaintiffs' Motion for Class Certification

R. 23, Page ID ##186-202     GC Services' Motion to Dismiss for Lack of
                              Subject Matter Jurisdiction

R. 25, Page ID ##224-247     GC Services' Opposition to Motion for Class
                              Certification

R. 26, Page ID ##248-265     Plaintiffs' Reply In Support of their Motion
                              for Class Certification

R. 29, Page ID ##295-307     Order Denying Motion to Dismiss for Lack
                              of Subject Matter Jurisdiction

R. 36, Page ID ##350-362     Order Granting Class Certification

R. 47, Page ID ##390-393     Order Granting Permission to Appeal